Turley, J.
delivered the opinion of the court.
Price sued Upshaw in trespass on the case upon an account of more than three years standing. Upshaw pleaded the statute of limitations, to which the plaintiff replied in substance, that at the time of the transaction and account about which the suit was brought, the plaintiff was a merchant in the city of Nashville, and that the defendant was a merchant in the town of PulasM, and the account and demand sued for in this ease concerned' the trade of merchandize, between the- plaintiff and defendant as merchant and merchant.
Upon this replication there: was issue, and a verdict for the defendant. Plaintiff entered a motion for a new trial, which was overruled. The bill of exceptions shows that the account sued on was for goods delivered by plaintiff to be sold on commission, and the proceeds accounted for, after deducting the commissions, and that the defendant sold the goods and collected the money.
The court charged the jury, that to enable the plaintiff to protect himself from the operation of the statute of limitations by the saving in favor of accounts, concerning the trade of merchandize-between merchant and merchant, their factors or servants, the subject *143 matter of the account must be concerning the trade of merchandize between merchant and merchant, and that there must be mutual and reciprocal accounts between the parties.
The question is, whether this charge is right. We think it is; the weight of authority is decidedly in its favour. The question is carefully investigated in the case of Coster and others vs. Murray and others, 5 Johnson Ch. Rep. in which Chancellor Kent says, “to bring a case within the exception of the statute, there must be mutual accounts and reciprocal demands between the parties.” In the case of Spring and others vs. The Executors of Gray, 6 Peters, the English and American authorities are carefully examined and ably commented upon by Chief Justice Marshall, and the same conclusion drawn from them, ' that is announced by Chancellor Kent, in the before mentioned case of Coster and others vs. Murray and others. There is then, no error in the proceedings of the circuit court, and the judgment will be affirmed.